O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 09-1360 DOC(ANx)            Date: December 23, 2009

Title: JAIME OJEDA v. INDYMAC FEDERAL BANK, FSB, et al.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                      Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                               NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO DISMISS AND MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION

      Before this Court is the Motion to Dismiss Complaint for Failure to State a Claim ("Motion to Dismiss") and Motion to Expunge Notice of Pendency of Action ("Motion to Expunge") brought by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the papers thereon, and for the reasons set forth below, the Court hereby GRANTS the Motion to Dismiss and Motion to Expunge.

      **I.    Background**

      Plaintiff Jaime Ojeda ("Ojeda" or "Plaintiff") alleges fraud and inadequate disclosures by Defendants IndyMac Federal Bank, FSB, MCT Financial, and MERS (collectively, "Defendants") regarding the Adjustable Rate Mortgage Loan Agreement ("Loan") he obtained in connection with his purchase of the real property located at 1881 Mitchell Avenue #28, Tustin, CA 92780. Plaintiff's

Complaint alleges eleven causes of action against Defendants: (1) violation of Cal. Civ. Code §1632; (2) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* for fraudulent business practices; (3) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* for violation of the Truth in Lending Act; (4) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* for Unlawful Business Practices under Cal. Fin. Code § 22302; (5) fraudulent omission; (6) injunctive relief; (7) breach of the covenant of good faith and fair dealing; (8) unjust enrichment; (9) failure to provide accounting; (10) negligence; and (11) breach of fiduciary duty.

On approximately September 30, 2009, Plaintiff filed and recorded a Notice of Pending Action with the Orange County Superior Court in Case No. 30-2009-00307724. Decl. of W. Harmsen, at Exh. A.

## II.     Motion to Dismiss

Defendant filed this Motion to Dismiss and Motion to Expunge on November 25, 2009. Plaintiff's Opposition, if any, was due on December 14, 2009. At present, Plaintiff has not filed an opposition. Additionally, Plaintiff's claims suffer from many of the defects outlined in MERS' motion and the Court notes MERS' statement that Plaintiff's Complaint is identical or substantially similar to complaints filed in a number of other cases within the Centeral District, which raises questions about the evidentiary support for the allegations that are set forth in Plaintiff's Complaint. *See* Pl.'s Mot. at 2. Plaintiff would be well-advised to consider MERS' substantive arguments regarding each of the eleven causes of action if he chooses to amend his complaint.

Pursuant to Local Rule 7-12, the Motion to Dismiss is hereby GRANTED AS UNOPPOSED. Plaintiff's Complaint is thereby DISMISSED without prejudice as to Defendant MERS.

## III.    Motion to Expunge

A lis pendens serves as "notice to prospective purchasers, encumbrancers and transferees that there is litigation pending that affects the property" and "acts as a cloud on the property." *Amalgamated Bank v. Superior Ct.*, 149 Cal. Rptr. 3d 686 (Cal. Ct. App. 2007). Pursuant to California Code of Civil Procedure § 405.32, "the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Alternatively, "the court shall order that the notice be expunged if the court finds that the real property claim has probable validity, but adequate relief can be secured to the claimant by the giving of an undertaking." *Id.* at § 405.33.

"Probable validity" is established if "it is more likely than not that the claimant will

obtain a judgment against the defendant on the claim." *Id.* at § 405.3.  In other words, the plaintiff "must make a showing that he is likely to prevail on the merits, in much the same fashion as one seeking an attachment must show the probable merit of the underlying lawsuit." *Amalgamated Bank*, 149 Cal. Rptr. 3d at 691.

In deciding a motion to expunge, the Court may consider "[e]vidence or declarations [which] may be filed with the motion to expunge the notice."  Cal. Code Civ. Proc. § 405.30. The Court thereby properly takes notice of the Declaration of Willaim Harmsen, the exhibits thereto, and the documents for which judicial notice was requested.

Like the Motion to Dismiss, Plaintiff has not opposed the Motion to Expunge.  Therefore, while Defendant has submitted evidence in support of its claims, when considering Plaintiff's position the Court necessarily relies solely upon the allegations as stated in the Complaint.  As set forth above, Plaintiff has not sufficiently stated any claims.  Therefore, pursuant to California Code of Civil Procedure § 405.32, "claimant has not established by a preponderance of the evidence the probable validity of the real property claim."

Defendant requests the award of $2,740 associated with the preparation of this motion and cost of recording an expungement of the notice of pendency.  Decl. of W. Harmsen, at ¶ 6.  Pursuant to California Code of Civil Procedure 405.38, when finding in favor of the moving party in a Motion to Expunge, the court "shall direct that the party prevailing . . . be awarded the reasonable attorney's fees and costs of making . . . the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."

In this case, the Court has granted Plaintiff leave to amend, so while Plaintiff has not yet proven the probably validity of his claims, the Court finds it premature to award attorney's fees to the extent Plaintiff decides to amend his complaint and is able to remedy the identified deficiencies.  Therefore, the Court finds the award of attorneys fees to be unjust at this time but gives Defendant leave to renew its application at the conclusion of this action, including in the event that Plaintiff elects not to further amend his complaint.  Defendant's Motion for Attorney's Fees and Costs is thereby DENIED without prejudice.

## IV. DISPOSITION

For the reasons stated above, the Court hereby ORDERS:

1.  Defendant's Motion to Dismiss is GRANTED without prejudice as to all causes of action.

2.  Plaintiffs shall amend the complaint within twenty (20) days in a manner consistent with this order.  Defendants shall respond within twenty (20) days thereafter.

3. Defendant's Motion to Expunge is GRANTED.

4. The Notice of Pending Action filed on September 30, 2009 with the Orange County Superior Court in Case No. 30-2009-00307724. shall be expunged without conditions on the grounds that the Plaintiff has not established by a preponderance of the evidence the probably validity of Plaintiff's real property claim.

5. Defendant's Motion for Attorney's Fees is DENIED without prejudice.

The Clerk shall serve this minute order on all parties to the action.