O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME OJEDA<br><br>PLAINTIFF(S),<br><br>V.<br><br>INDYMAC FEDERAL BANK, FSB, et al.<br><br>Defendant(s). | CASE NO. SACV 09-1360 DOC(ANx)<br><br>ORDER GRANTING MOTION TO DISMISS AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS |

Before this Court is the Motion to Dismiss Action for Failure to File Amended Complaint ("Motion to Dismiss") and For an Award of Attorneys' Fees and Costs ("Motion for Fees") brought by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the papers thereon, and for the reasons set forth below, the Court hereby GRANTS the Motion to Dismiss and Motion for Fees.

## I.  BACKGROUND

Plaintiff Jaime Ojeda ("Ojeda" or "Plaintiff") brought this action alleging fraud and inadequate disclosures by Defendants IndyMac Federal Bank, FSB, MCT Financial, and MERS (collectively, "Defendants") regarding the Adjustable Rate Mortgage Loan Agreement he obtained in connection with his purchase of the real property located at 1881 Mitchell Avenue #28, Tustin, CA 92780. On

approximately September 30, 2009, Plaintiff filed and recorded a Notice of Pending Action with the Orange County Superior Court in Case No. 30-2009-00307724.

Defendant MERS then brought a Motion to Dismiss and Motion to Expunge the Notice of Pending Action, which Plaintiff failed to oppose. The Court issued an order on December 23, 2009, granting the Motion to Dismiss as unopposed and granting the Motion to Expunge because pursuant to California Code of Civil Procedure § 405.32, Plaintiff did not establish by a preponderance of the evidence the probable validity of his real property claim.

Defendant also requested attorneys' fees and costs at that time in the amount of $2,740 associated with the preparation of this motion and cost of recording an expungement of the notice of pendency. The Court ruled that the award of fees was premature to the extent that Plaintiff decided to amend his complaint and was able to remedy the identified deficiencies. The Court gave Defendant leave to renew its application at the conclusion of this action, including in the event that Plaintiff elected not to further amend his complaint.

Plaintiff did not file any amended complaint within the twenty day deadline set by the Court in its Order.

**II.    DISCUSSION**

Defendant now moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) on the basis that Plaintiff failed to file an amended complaint. As the Court previously dismissed the Complaint *in toto* as to Defendant MERS, and Plaintiff has not filed an amended complaint, Defendant's Motion is GRANTED.

Defendant also renews its request for an award of fees in costs of $2,740. Pursuant to California Code of Civil Procedure 405.38, when finding in favor of the moving party in a Motion to Expunge, the court "shall direct that the party prevailing . . . be awarded the reasonable attorney's fees and costs of making . . . the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."

The declaration of Defendant's attorney, William R. Harmsen, indicated that his billing rate is $540 an hour, that he spent two hours drafting the Motion to Expunge and that he would spend

an additional hour on the reply brief and to attend the hearing. The declaration also estimated the cost of expunging the notice at $40. As the reply brief and attendance of the hearing were not necessary as the motion was unopposed and the Court did not hold a hearing, the Court reduces the claimed amount by three hours, which equates to $1,620. Additionally, the Court notes that Defendant has not requested any additional fees for the instant renewed motion. Therefore, the Court finds that the reasonable attorney's fees and costs of making the motion to expunge is $1,120. As Plaintiff has not provided any reasons for the Court to find that imposition of fees and costs are unjust, and as the Court does not find that Plaintiff acted with substantial justification, the Court AWARDS FEES AND COSTS in the amount of $1,120.

Defendant also requests that the award of fees and costs be asserted not only against Plaintiff but also against Plaintiff's counsel. Defendant cites only one California Court of Appeal case that suggests that sanctions could be awarded against an attorney personally for the frivolous filing of a lis pendens, and that case held that fees awarded pursuant to section 409.3 may not be imposed upon the attorney for the losing party, but could be brought under separate sanctions statutes. *See Doyle v. Superior Court*, 226 Cal. App. 3d 1355 (Cal. Ct. App. 1991). Under the federal rules, this would be brought under Rule 11 fo the Federal Rules of Civil Procedure. The Court finds that Plaintiff's counsel's conduct in this matter does not rise to the level warranting Rule 11 sanctions. As such, this aspect of the motion is DENIED.

**IV.   DISPOSITION**

For the reasons stated above, the Court hereby ORDERS that this action is DISMISSED as to Defendant MERS pursuant to Rule 41(b).

The Court also ORDERS that attorneys' fees and costs in the amount of $1,120 are AWARDED against Plaintiff and in favor of Defendant MERS.

IT IS SO ORDERED

DATED: February 17, 2010

_____
DAVID O. CARTER
United States District Judge